NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 15 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MICHAEL J. HOCEVAR III,

Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security,

Defendant-Appellee.

No.   20-36069

D.C. No. 6:19-cv-01731-BR

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submitted December 8, 2021[**]
San Francisco, California

Before:  WARDLAW, BRESS, and BUMATAY, Circuit Judges.

Michael J. Hocevar III appeals from the district court's decision affirming the

Commissioner of Social Security's denial of his application for supplemental

security income under Title XVI of the Social Security Act.  We have jurisdiction

under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291.  We review the district court's order

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

de novo and may grant relief only if the administrative law judge's ("ALJ") decision was not supported by substantial evidence or is based on legal error. *Ghanim v. Colvin*, 763 F.3d 1154, 1159 (9th Cir. 2014). We affirm in part, vacate in part, and remand for further proceedings.[1]

1.      Substantial evidence supports the ALJ's "specific, clear and convincing reasons" for discounting Hocevar's testimony regarding the intensity and limiting effects of his symptoms. *See Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (simplified). The ALJ noted several contradictions between Hocevar's testimony regarding his symptoms on the one hand, and his daily activities and treatment for his symptoms on the other.

Hocevar testified that "he cannot work because [he] feels that someone ripped his soul out of his body and [his] joints are really loose like a shell." Hocevar further claimed that he lacked friends and that "people annoy me." The ALJ, however, found that his daily activities were inconsistent with this testimony, as Hocevar has sole custody of his 12-year-old son for whom he cares, among other things, by driving him to and from school, cooking for him, attending his parent/teacher conferences, and helping him with homework. Further, Hocevar reported in 2018 that he exercises 30 minutes per day seven days a week. Hocevar also admitted he

---

[1] As stated below, Judge Bumatay would affirm the district court's order in its entirety.

plays pool with friends at a bar. These activities militate against Hocevar's credibility, allowing the ALJ to conclude that they are inconsistent with Hocevar's claimed limitations. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007) (explaining that one factor in assessing a claimant's credibility is "whether the claimant engages in daily activities inconsistent with the alleged symptoms").

Hocevar also testified that he has "uncontrollable pain all over his body." But, the ALJ noted, Hocevar treats this pain with only homeopathic remedies and nonprescription pain medications. "[E]vidence of conservative treatment is sufficient to discount a claimant's testimony regarding severity of an impairment." *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (simplified).

2. Substantial evidence supports the ALJ's reasons for discounting Dr. Alvord's opinion. The ALJ noted several contradictions between Dr. Alvord's opinion and the objective medical evidence, including his own examination. For example, Dr. Alvord opined that Hocevar had moderate limitations in most areas of functioning, but his objective testing indicated normal thought processes, normal thought content, normal speech, normal long-term and short-term memory, good ability to perform calculations, low average intellectual functioning, and no sign of brain injury. An incongruity between a doctor's opinion and the medical record serves as a "specific and legitimate reason for rejecting" the doctor's opinion. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).

The ALJ also noted that Dr. Alvord's opinion that Hocevar could not work full-time appeared to be based on Hocevar's perceptions of his own physical limitations. As stated above, however, the ALJ discounted Hocevar's statements regarding his limitations. A medical opinion may be disregarded if the "opinion of disability [is] premised to a large extent upon the claimant's own accounts of his symptoms and limitations ... where those complaints have been properly discounted." *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) (simplified).

3. Hocevar argues that the ALJ failed to provide specific and legitimate reasons for discounting Dr. Taubenfeld's opinion. For an ALJ to properly reject a medical opinion, he must provide "specific and legitimate reasons that are supported by substantial evidence." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008) (quotations omitted). The ALJ gave Dr. Taubenfeld's opinion little weight because it relied on Hocevar's test performances (which the ALJ felt could be manipulated), and because it was inconsistent with the objective medical evidence and the observations of others. The ALJ cited no specific reasons to suggest that Hocevar could control his test results, to show that Dr. Taubenfeld's opinion was inconsistent with his medical report, or to demonstrate that Dr. Taubenfeld's opinion was contradicted by others' observations, except for a general citation to a 350-page exhibit, which is insufficient.

4

The lack of specific and legitimate reasons for discounting Dr. Taubenfeld's opinion was not harmless error.[2] While it is true that Dr. Taubenfeld and Dr. Alvord's conclusions were generally consistent, this alone is not enough to find harmless error. *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (quotations omitted) ("[A] reviewing court cannot consider an error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination."). Dr. Taubenfeld performed different evaluations of Hocevar than Dr. Alvord. And Dr. Taubenfeld's evaluation raised several limitations and work restrictions that were not discussed by Dr. Alvord. The differences in the doctors' opinions show that the discounting of Dr. Taubenfeld's opinion without further explanation was not "inconsequential to the ultimate nondisability determination," *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006). Accordingly, conflicting evidence remains unresolved,

---

[2] Judge Bumatay respectfully dissents on this issue and would find the ALJ's error harmless. Given the similarities between Dr. Alvord's and Dr. Taubenfeld's opinions and the reasoning supplied by the ALJ throughout his decision, Judge Bumatay would conclude that no reasonable ALJ could have reached a different final disability determination following proper consideration of Dr. Taubenfeld's opinion. *Cf. Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (concluding that an ALJ properly rejected a claimant's wife's testimony because "the ALJ provided clear and convincing reasons for rejecting [the petitioner's] own subjective complaints, and because [his wife's] testimony was similar to such complaints").

making a remand for further proceedings necessary. *See Treichler v. Comm'r of Soc.*

*Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014).

**AFFIRMED** in part, **VACATED** in part, and **REMANDED** for further

proceedings.  The parties shall bear their own costs on appeal.